FILED
United States Court of Appeals
Tenth Circuit

April 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRENDA A. OGDEN,

      Plaintiff - Appellant,

v.

PNC BANK, a National Association,

      Defendant - Appellee.

No. 14-1355
(D.C. No. 1:13-CV-01620-MSK-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Brenda A. Ogden appeals the dismissal of her one-count amended complaint brought under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.  The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), ruling that Ms. Ogden failed to plead actual damages caused by the alleged RESPA violation.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In December 2012, Ms. Ogden sent a letter to her mortgage servicer, PNC

Bank (PNC), requesting information regarding why her payment amount had changed

and how her payment was being allocated to principal, interest, and escrow. She also

requested a reinstatement quote, a payoff quote, and a complete loan history report.

PNC never responded to the letter.

Ms. Ogden subsequently initiated this suit, claiming that PNC's failure to

respond violated § 2605(e) of RESPA. She alleged that PNC's failure to furnish the

requested information was the proximate cause of her "actual damages, including

non-economic damages of emotional distress because [she] was confused by PNC's

attempts to lower her payments, she wasn't clear what her monthly payment was

supposed to be because PNC does not send her monthly mortgage statements, [and

she] had knowledge that PNC had made accounting mistakes . . . ." Aplt. App. at 6.

PNC moved to dismiss under Rule 12(b)(6), and the district court granted the

motion, ruling that Ms. Ogden failed to allege a causal link between the alleged

violation and her claimed damages.[1] The court explained that even if actual damages

could be predicated on emotional suffering, Ms. Ogden did not allege her emotional

distress resulted from PNC's failure to respond; rather, she alleged that her distress

---

[1]  A magistrate judge recommended dismissal on different grounds, including on the rationale that actual damages do not include damages for emotional distress. Ms. Ogden continues to challenge this determination on appeal, but we, like the district court, assume without deciding that under these circumstances, actual damages may be based on emotional distress.

resulted from circumstances that began before she sent the letter. Ms. Ogden challenges this ruling on appeal.

## II

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 520 (10th Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Under RESPA, a mortgage servicer may be liable to a borrower if it fails to timely and adequately respond to a qualified written request (QWR). *See* 12 U.S.C. § 2605(e)-(f). A QWR is a "written correspondence, other than notice on a payment coupon," that includes the name and account of the borrower and the reasons for the borrower's belief that the account is in error or adequate details about other information sought. *Id.* § 2605(e)(1)(B). "Within sixty days of receipt of a QWR, the loan servicer generally must investigate and make appropriate corrections to the borrower's account, provide a written notification of any correction or an explanation why no correction was necessary, and provide a contact number for a representative." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013).[2] "If the servicer fails to appropriately respond, the borrower may recover actual damages

---

[2] The response times of § 2605(e) have since been reduced. *See* 12 U.S.C. § 2605(e)(2); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 n.3 (10th Cir. 2013).

*resulting from the servicer's failure* and any additional damages in the case of a pattern or practice of noncompliance with the requirements of" § 2605.  *Id.* (emphasis added) (ellipsis and internal quotation marks omitted); *see* 12 U.S.C. § 2605(f)(1)(A) (providing for "actual damages to the borrower as a result of the failure").

Here, Ms. Ogden did not allege that she suffered damages "resulting from the servicer's failure" to respond.  *Berneike*, 708 F.3d at 1145.  Rather, she alleged that "[she] was confused by PNC's attempts to lower her payments, she wasn't clear what her monthly payment was supposed to be because PNC does not send her monthly mortgage statements, [and she] had knowledge that PNC had made accounting mistakes . . . ."  Aplt. App. at 6.  Thus, her emotional distress, which is the only basis upon which she claims actual damages, was caused by circumstances *other* than PNC's failure to respond.  Indeed, as the district court observed, Ms. Ogden's emotional distress and the events that caused it all preceded her letter.  But "to survive a Rule 12(b)(6) motion to dismiss a claim under § 2605(e) of RESPA, plaintiffs must plead actual damages stemming from the failure to respond."  *Toone*, 716 F.3d at 523.  Ms. Ogden's failure to do so was fatal to her claim.  That PNC might have alleviated her distress by responding with the requested information does not change the fact that the distress was not caused by the failure to respond.  And, to the extent Ms. Ogden now contends she suffered *additional* emotional distress from PNC's failure to respond, she made no such allegation in her amended complaint.

- 4 -

Finally, Ms. Ogden says the district court should have sua sponte ordered her to file a second amended complaint rather than dismiss for failure to state a claim. But she did not seek leave to file a second amended complaint, and "a court need not grant leave to amend when a party fails to file a formal motion," *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Under these circumstances, the district court correctly dismissed the complaint for failure to state a claim.

III

The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge